UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CRIMES,

    Plaintiff,

v.

JORDAN,

    Defendants.
_____/

Case No. 2:22-cv-12123
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION TO GRANT TO DEFENDANT'S MOTION TO DISMISS (ECF No. 30) AND DISMISS THE CASE FOR FAILURE TO PROSECUTE

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Michael Crimes, a state prisoner proceeding *pro se*, filed a complaint against Jordan. Pretrial proceedings have been referred to the undersigned. (ECF No. 14)

Before the Court is Jordan's motion to dismiss on the grounds that Crimes has failed to prosecute his case. (ECF No. 30). Jordan notes that Crimes has been released on parole and has not updated the Court, or defense counsel, with a new address. Crimes has not filed a response to the motion and the time for doing so has passed.

1

For the reasons that follow, the undersigned RECOMMENDS that Jordan's motion be GRANTED and the case be dismissed for failure to prosecute.

## II. Background

On September 8, 2022, Crimes filed the complaint against Jordan, claiming that Jordan violated his constitutional rights and retaliated against him by placing him in segregation and preventing him from seeing a doctor. (ECF No. 1). At the time of filing the complaint, Crimes was housed at the Macomb County Correctional Facility (MCF).

On September 27, 2022, the Clerk sent a Notice regarding Parties' Responsibility to Notify Court of Address Change, stating that the parties must keep the Court informed of their current address and warning that a "[f]ailure to promptly notify the court of a change in address or other contact information may result in dismissal of your case." (ECF No. 5, PageID.29).

The case was then stayed while the parties participated in the early pro se prisoner mediation program. A mediation was held on February 28, 2023 but a settlement was not reached. Accordingly, the stay was lifted and the complaint was eventually served on Jordan.

After Jordan appeared through counsel, the Court entered a scheduling order, setting a discovery deadline of February 5, 2024, and a dispositive motion cut off of March 5, 2024. (ECF No. 29).

On March 1, 2024, Jordan filed the instant motion to dismiss on the grounds that Crimes has failed to prosecute his case. Jordan explains:

> In November of 2023, Crimes was released on parole. (*See* Offender Tracking and Information System (OTIS), Exhibit A). Since his release, Crimes has failed to participate in this lawsuit in any way and failed to update the Court or defense counsel as to his address after his release. On January 22, 2024, defense counsel sent Crimes a Notice of Deposition to his last address provided by Crimes to the Michigan Department of Corrections. (Affidavit of Jaquine Castillo, Exhibit B). That Notice was returned as undeliverable on January 31, 2024. (Notice of Deposition, Exhibit C). Crimes failed to contact defense counsel or file anything with the Court since his release.

(ECF No. 30, PageID.85).

On March 1, 2024, the undersigned entered an order directing Crimes to file a response to Jordan's motion on or before March 29, 2024. The order also stated that "**Crimes is WARNED that a failure to file a timely response may result in a recommendation the motion to dismiss be granted and the case dismissed for failure to prosecute**." (ECF No. 31, PageID.115). On March 13, 2024, the order requiring a response was returned to the Court as undeliverable. (ECF No. 32). To date, there has been no response from Crimes and the time for doing so has passed.

### III.  Legal Standard

Parties who are not represented by counsel must keep the Court informed of their contact information. E.D. Mich. LR 11.2. When a *pro se* party fails to promptly update her contact information, she may face sanctions, including

3

dismissal of the complaint. *Id.*; *Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, at *1 (E.D. Mich. Oct. 19, 2020). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Moreover, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

Under both Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 41(b), the test to determine whether dismissal is warranted is the same: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

IV. Discussion

As to the first factor, Crimes was informed of his obligation to provide a current address to the court. It is clear he has not done so since being released

from custody at MCF. Absent a current address, defense counsel is unable to provide him with a notice of deposition or otherwise engage in discovery. Crimes' actions amount to a failure to cooperate in discovery. This factor favors dismissal.

As to the second factor, Jordan has been prejudiced because Crimes failed to appear for a noticed deposition. Discovery has now closed without Jordan being able to obtain any information regarding Crimes' claim and allegations against him. This factor favors dismissal.

The third factor has also been satisfied. Crimes was warned that a failure to update his address could result in dismissal of his case. He was again warned in the order requiring a response to Jordan's motion that a failure to respond could result in a recommendation that the motion be granted and his case dismissed.

Finally, as to the forth factor, there are no other meaningful remedies left other than dismissal. As Jordan aptly states:

> It appears evident that Crimes has abandoned his case now that he is no longer in prison. Issuing sanctions less severe than dismissal would be futile here, as this now appears to be a case Crimes has no intention of pursuing, and there is no reason to think he will continue with the case under less severe sanctions.

(ECF No. 30, PageID.88).

In sum, Crimes' failure to notify the Court or defense counsel of his new address upon his release from incarceration and failure to take any action whatsoever following Jordan's appearance in this case warrants dismissal.

5

V. Conclusion

For the reasons stated above, it is RECOMMENDED that Jordan's motion to dismiss, (ECF No. 30), be GRANTED and the case be DISMISSED due to Crimes' failure to provide an updated address in violation of Local Rule 11.2 and for lack of prosecution under Fed. R. Civ. P. 41(b) and Local Rule 41.2.

SO ORDERED.

Dated: April 1, 2024　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2024.

　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　CAROLYN CIESLA
　　　　　　　　　　　　　　　　　　　Case Manager